[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR ORDER TO PROCEED WITH ARBITRATION
The plaintiffs have filed this application seeking to compel the defendant to proceed with arbitration pursuant to a contract between the plaintiffs and the defendant's son, Michael Cosmas. The contract was for the construction and sale of a one family home and provided that all disputes which might arise concerning the agreement would be settled through binding arbitration.
While the house was under construction, it is the claim of the plaintiffs that construction was stopped and Michael Cosmas abandoned the project. According to the testimony of Isaac Levi, he eventually contracted the defendant who stated, "Don't worry. I'm going to finish the house for you." The house was eventually completed and the plaintiffs received the deed signed by the defendant for which they paid her the contract price.
The issue to be determined is whether the defendant is bound by the terms of the contract between the plaintiffs and Michael Cosmas, and specifically, the provision regarding the submission of all disputes to binding arbitration. The plaintiffs argue that the defendant became the assignee of the contract, and therefore, assumed all the rights and obligations of Michael Cosmas including the obligation to submit to binding arbitration.
However, it is the opinion of the court that there is not a sufficient basis upon which to find that the defendant became the assignee of the contract between the plaintiffs and Michael Cosmas. Rather, it appears that when the plaintiff, Isaac Levi, spoke with the defendant and she agreed to finish the house, a new agreement arose between them, which, by implication, would have incorporated the terms of the contract between the plaintiffs and Michael Cosmas.
However, Connecticut General Statutes 52-408 clearly requires that a written contract or other writing exist between the parties, which contract provides for arbitration, before any such party can be compelled to submit to arbitration. Thus, while there may have been an agreement between the plaintiffs and the defendant whereby the defendant agreed to perform the obligations of Michael Cosmas under the written contract between them, since that agreement was not itself in writing, the defendant cannot be compelled to submit to arbitration due to the requirements of 52-408. CT Page 202
The application of the plaintiffs for an order compelling the defendant to proceed with arbitration is, therefore, denied.
BRUCE W. THOMPSON, JUDGE